```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

RIKKI D. KNIGHT,                )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-14-496-FHS-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

**REPORT AND RECOMMENDATION**

Plaintiff Rikki D. Knight (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 27, 1969 and was 43 years old at the time of the ALJ's decision. Claimant completed her high school education and one year of college. Claimant has worked in the past as a licensed practical nurse and charge nurse. Claimant alleges an inability to work beginning April 1, 2010 due to limitations resulting from pain in the cervical and lumbar spines, hip and knee pain, abdominal pain, and migraine headaches.

**Procedural History**

On November 9, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 16, 2013, Administrative Law Judge Bernard Porter ("ALJ") conducted an administrative hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma. On June 20, 2013, the ALJ issued an unfavorable decision. The Appeals Council denied review of the decision on September 15, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to fully and fairly develop the record; (2) reaching an improper RFC determination; and (3) making an improper finding at step five.

**Duty to Develop the Record**

In his decision, the ALJ determined Claimant suffered from the severe impairments of psoriatic arthritis, hypertension, lumbar disc disease, obesity, diabetes, major depression, generalized anxiety with panic disorder, irritable bowel syndrome, anemia, migraine headaches, post-traumatic stress disorder ("PTSD"), and gastroesophageal reflux disease ("GERD"). (Tr. 23). The ALJ concluded that Claimant retained the RFC to perform sedentary work except that Claimant can push and pull as much as she can lift and carry. She is limited to no climbing of ladders or scaffolds and should never crawl. The ALJ found Claimant should never work around unprotected heights or moving mechanical parts. She should never be exposed to any temperature extremes. Claimant's time off tasks would be accommodated by normal breaks. She would require a sit/stand option changing positions at least every thirty minutes. Claimant was limited to only occasional interaction with the public, co-workers, and supervisors. Due to episodic symptoms, Claimant would miss one day of work each month. (Tr. 26).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of table worker and optical goods assembler. (Tr. 33). As a result, the ALJ found Claimant was not disabled from April 1, 2010 through

5

the date of the decision. (Tr. 34).

Claimant contends the ALJ failed to adequately develop the record by failing to obtain medical source statements from the physical and psychological consultative examining physicians. Certainly, the regulations generally require that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations require the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 416.919n(c)(6); *see also* 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6); Branam v. Barnhart, 385 F.3d 1268, 1273 (10th Cir. 2004). Therefore, the failure of the ALJ to obtain medical source statements from the consultative examiners is not reversible error.

**RFC Determination**

Claimant asserts the ALJ should have included additional limitations in his RFC assessment. She cites to the physical medical source statement provided by Dr. David Furr on August 8, 2013 wherein Dr. Furr found that Claimant could only occasionally grasp and rarely finger or do fine manipulation with her right hand and rarely grasp and never finger or do fine manipulation with her

6

left hand. (Tr. 620). Claimant contends this restriction caused by her psoriatic arthritis should have been incorporated in the RFC.

The ALJ relied upon the report of Dr. Ronald Schatzman, a consultative examining physician. On May 25, 2011, Dr. Schatzman examined Claimant. With regard to her hands, Dr. Schatzman found Claimant to have grip strength 5/5 bilaterally strong and firm. She was able to do both gross and fine manipulation of objects normally. Full range of motion was noted in all extremities with no tenderness present. He specifically found Claimant had normal range of motion of her hands. While acknowledging Claimant suffered from psoriasis, Dr. Schatzman did not find functional limitations from the condition. (Tr. 382-84).

Additionally, the ALJ relief upon the records of Dr. Steven Medeiros. In a treatment notes dated January 19, 2012 and October 2, 2012, he noted Claimant had been diagnosed with psoriasis arthritis 15 years prior to that time. She complained of crepitation, joint stiffness, myalgias, facial rash, redness, and skin rash. However, Dr. Medeiros also found "[t]he pattern of joint symptomatology has been stable and nonprogressive." (Tr. 505, 550). Dr. Furr's findings on restrictions in grasping and fingering stand as an aberration in the record and it was not error

7

for the ALJ not to include the condition in his RFC findings.

Claimant also contends her migraine headaches should have been accommodated in the RFC. In December of 2008, Dr. Medeiros recognized that Claimant had been diagnosed with migraine headaches more than five years prior. (Tr. 454). However, the medical record does not support the contention that Claimant's migraines constituted a debilitating condition as this is the only reference to the condition in the medical record for which she sought treatment. Claimant testified she suffers from migraine headaches "thirty four times a month." She also states she takes medication for the condition that helps some but does not provide complete relief. She had been on the medication since 2007 and has the side effect of nausea, dizziness, and vertigo. (Tr. 54-55). The ALJ indicated in assessing Claimant's credibility that she has coped with the side effects, given that she has taken the medication for several years. (Tr. 32). With the scant medical evidence on this condition and Claimant's obvious functionality under treatment, this Court cannot conclude that the ALJ erred in failing to include any limitation for the condition. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

Claimant also asserts the ALJ failed to accurately state the extent of her mental limitations. In particular, an undated mental

RFC assessment was completed by Darlene Smith, a counselor at D & D Counseling. Ms. Smith found Claimant was extremely limited in the functional areas of completing a normal workday and workweek. She also found Claimant was severely limited in the areas of dealing with work stress, performing activities within a schedule, performing at a consistent pace, performing without an unreasonable number or length of rest periods, demonstrating reliability, and traveling to unfamiliar places or using public transportation. Ms. Smith determined Claimant was markedly limited in the areas of functioning independently, being punctual within customary tolerances, sustaining an ordinary routine without special supervision, working in coordination or proximity to others without being distracted by them, avoiding undue constriction of interests, behaving in an emotionally stable manner, and accepting instructions and responding appropriately to criticism from supervisors. (Tr. 570-72).

The ALJ correctly noted that Ms. Smith is considered under the Social Security regulations as an "other source". "Information from [ ] 'other sources' cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an 'acceptable medical source' for this purpose. However, information from such 'other sources' may be based on special

9

knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." Soc. Sec. R. 06-03p.

The ALJ gave Ms. Smith's assessment "little weight" because it was not consistent with the treatment records from D & D Counseling, which indicated a mild mental impairment which was controlled with medication and therapy. (Tr. 31). Nothing in the treatment records indicates the level of severity to which Ms. Smith attributes to Claimant's mental condition in the source statement. The ALJ accorded Ms. Smith's statements the appropriate weight and no further mental limitation in the RFC is warranted.

Claimant also challenges the ALJ's findings on her credibility. The ALJ provided a detailed explanation of his credibility findings in his decision. (Tr. 32). He thoroughly discussed the inconsistencies between her testimony and the record which tended to cast a shadow over the reliability of her statements. Id.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such,

will not be disturbed when supported by substantial evidence.  Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.  In this case, the ALJ properly linked his findings on credibility to the medical record.  No error is attributed to his analysis.

### Step Five Analysis

Claimant contends the ALJ could not rely upon the testimony of the vocational expert at step five because the ALJ's hypothetical questions did not contain all of Claimant's functional limitations. This Court found no error in the ALJ's RFC assessment.  The

questions posed to the vocational expert accurately reflected the ALJ's findings in the RFC.  The ALJ's reliance upon the vocational expert's testimony was appropriate.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE